IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 23 2021

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

REFUGIO REYES, JUAN REYES,                                    PLAINTIFFS
ALVARO CANO DIAZ, FRANCISCO RUIZ,
JAVIER VALADEZ, J. CARMEN CANO DIAZ,
And EFREN MONTANO, Each individually, as
owners or partial owners of corporate entities, and on
behalf of other similarly situated individuals

Vs.                              No. 4:21cv334-LPR

CARL BAYNE, Individually and in his official
capacity as an employee of the Arkansas Workers'
Compensation Commission; DAVID PAKE, Individually    This case assigned to District Judge _Rudofsky_
and in his official capacity as an employee of the    and to Magistrate Judge_____ Ray
Arkansas Workers' Compensation Commission;
DAVID GREENBAUM, In his official capacity
as the CEO of the Arkansas Workers' Compensation
Commission                                                   DEFENDANTS

## CLASS ACTION COMPLAINT FOR
## INJUNCTIVE, DECLARATORY, AND OTHER RELIEF

Come now Plaintiffs, Refugio Reyes, Juan Reyes, Alvaro Cano Diaz, Francisco Ruiz,

Javier Valadez, J. Carmen Cano Diaz, and Efren Montano, each individually, as owner or partial

owners of corporate entities, and on behalf of other similarly situated individuals, by and through

their counsel, Brian A. Vandiver, a partner in the law firm of Cox, Sterling, McClure &

Vandiver, PLLC, and for their Class Action Complaint for Injunctive, Declaratory, and Other

Relief, state:

### INTRODUCTION, PARTIES, AND JURISDICTION

1.      This is an action under 42 U.S.C. § 1983 and Ark. Code Ann. § 16-123-105 and

other laws asserting, among other things various, constitutional due process and equal protection

violations by Defendants, employees of the Arkansas Workers' Compensation Commission ("AWCC"), and seeking injunctive and declaratory relief against all Defendants.

2.      Plaintiffs are Latino residents of Arkansas.  Plaintiffs own and operate restaurants and other corporate entities in Arkansas.

3.      Defendants are residents of Arkansas.  Defendant Bayne is an investigator with the AWCC, David Pake is an attorney with the AWCC, and David Greenbaum is the CEO of the AWCC.

4.      The AWCC is located in Little Rock, Arkansas.

5.      Jurisdiction and venue are proper in this Court.

## FACTS

6.      Specifically, Defendant Bayne initiated alleged "investigations" against Plaintiffs and various corporate entities allegedly owned or partially owned by Plaintiffs for alleged failure to maintain workers' compensation insurance coverage per Ark. Code Ann. § 11-9-406, styled as UE-2020-CPB-10-001 through 075.  Specifically, those cases and entities are detailed in **Exhibit A,** a spreadsheet provided to Defendants through Plaintiffs' counsel on or about March 25, 2021.

7.      Upon information and belief, Defendant Bayne searched the Arkansas Secretary of State's website for corporate entities affiliated with Plaintiffs and searched elsewhere on the Internet for "evidence" supporting his "investigations."  However, Defendant Bayne never contacted Plaintiffs during his investigations.

8.      Thereafter, beginning on October 30, 2020, Defendant Bayne caused Orders to be sent to Plaintiffs and seventy-five (75) corporate entities, assessing the maximum $10,000 against each corporate entity, for a total fine of $750,000 against the corporate entities and the

seven Plaintiffs. *See, e.g.*, **Exhibit B** (Letter and Order to Refugio Reyes); Ark. Code Ann. §11-9-406(a)(1).

9.     Defendant Bayne assumed that every entity he found on the Secretary of State's website affiliated in some way with one of the Plaintiffs was an "employer" under the AWCC's statute.

10.     The Orders also threaten Plaintiffs with a maximum $10,000 fine and up to six (6) years in prison per each violation under the Arkansas criminal code.  Ark. Code Ann. §§ 5-4-201(a)(2) and 5-4-401(a)(5).

11.     Plaintiffs requested hearings, through their undersigned counsel, which were consolidated and rescheduled for Monday, April 26, 2021.

12.     Plaintiffs provided Defendants Bayne and Pake with evidence that AWCC's jurisdiction and proposed fines are improper for most of the corporate entities, for various reasons, including the following:

(a)     the AWCC's administrative scheme assumes Plaintiffs are guilty and requires Plaintiffs to prove their innocence; the AWCC's administrative scheme does not provide Plaintiffs the same constitutional protections as criminal court, protections that would be available to Plaintiffs if AWCC had referred the alleged violations to criminal court; and the AWCC administrative scheme fails to provide Plaintiffs due process by providing Plaintiffs with notice and an opportunity to cure any alleged violation of non-coverage.

(b)     The AWCC can only fine an "employer" as that term is defined at Ark. Code Ann. § 11-9-102(10): "'Employer' means any individual, partnership, limited liability company, association, or corporation **carrying on any employment**, the receiver

or trustee of the same, or the legal representative of a deceased employer." (emphasis added).  Moreover, the AWCC statute only requires workers compensation insurance for "employment" which generally requires "three (3) or more employees regularly employed by the same employer in the course of business."  Ark. Code Ann. § 11-9-102(11).  Therefore:

- An individual who is an owner or partial owner and a corporate entity cannot both be the "employer" simultaneously under the AWCC's statute.  Further, there is no evidence that Plaintiffs were individual employers at any time.  Otherwise, the Plaintiffs can each be fined no more than $10,000 in total for the alleged violations collectively.

- If a corporate entity never had any employees, it was never an "employer" under the AWCC's statute.

- If a corporate entity never had three or more employees regularly employed by the same corporate entity, it was never an employer required to maintain workers' compensation insurance under the AWCC's statute.

- If a corporate entity never opened or operated, it was never an "employer" under the AWCC's statute.

- If the corporate entity dissolved or otherwise ceased operating before the date of the Orders, then the corporate entity was not "carrying on any employment" and thus not an "employer" when the Orders were issued.  Many of the corporate entities which Defendants intend to fine have been dissolved for years, some over five (5) and even ten (10) years.

4

(c)    Upon information and belief, Defendant Bayne targeted Plaintiffs because of their Latino names, race, and ethnicity, denying them equal protection of the law; and

(d)    The $10,000 fine penalty is the maximum penalty under Ark. Code Ann. § 11-9-406, but Defendants do not explain any justification or rationale for why the maximum fine is being proposed for every alleged violation.

13.    In December 2020, Defendants Bayne and Pake initially agreed to dismiss the corporate entities that are not an "employer" under the AWCC's statute, but then subsequently reneged on their promise and required Plaintiffs to waive their rights to defend the other alleged violations and agree to pay the proposed fines against the entities that are employers under the AWCC's statute before dismissing the baseless proposed fines against non-employers.

14.    Thereafter, on April 15, 2021, Defendant Pake stated to the undersigned that Defendants intended to abandon all previous agreements between the parties and proceed to trial against all Plaintiffs and entities.

15.    Thereafter, on Wednesday April 21, 2021, several months after the Orders and three business days before the hearing date, Defendant Pake emailed the undersigned lists of the status of the cases purportedly prepared by Defendant Bayne, containing stunning admissions by Defendant Bayne. *See* **Exhibit C**.

16.    Defendant Bayne admits multiple times that certain proposed violations he initiated were wrongfully brought and should be dismissed against certain corporate entities because in Mr. Bayne's "zeal to serve the working men and women of Arkansas [he] assigned to [Plaintiff] a restaurant **with which he has nothing to do**." *See, e.g.,* Exhibit C (UE-2020-CPB-10-14 and 16) (emphasis added).

17.    Defendant Bayne further admits multiple times that certain proposed violations he initiated were wrongfully brought and should be dismissed against certain corporate entities because the entities were duplicate entities or DBAs. *See, e.g.*, Exhibit C (UE-2020-CPB-10-19, 20, 21, 22, and 30).

18.    Defendant Bayne further admits multiple times that certain proposed violations he initiated were wrongfully brought and should be dismissed against certain corporate entities because the corporate entities never opened or operated. *See, e.g.*, Exhibit C (UE-2020-CPB-10-40, 44, 58, 65, 66, 67, 68, 69, 70, 71, 72, and 73).

19.    Defendant Bayne's admissions demonstrate his shoddy investigation and the complete lack of due process afforded to Plaintiffs by Defendants.

20.    Nonetheless, Defendants still refuse to dismiss and refuse to agree that certain other corporate entities are non-employers under the AWCC's statute unless they receive evidence that they deem acceptable, despite Plaintiffs providing detailed information, documentation, and corroboration from various sources, including Plaintiffs' CPA Greg Matas, and despite Defendants having any no evidence whatsoever that those corporate entities are in fact "employers" under the AWCC's statute.  For example:

      (a)    Several corporate entities never had any employees and existed solely to hold real estate or a liquor license, including cases: UE-2020-CPB-10-008 (liquor license holding company); UE-2020-CPB-10-020 (liquor license holding company); UE-2020-CPB-10-023 (real estate holding company); UE-2020-CPB-10-025 (real estate holding company); UE-2020-CPB-10-026 (real estate holding company); UE-2020-CPB-10-46 (liquor license holding company); and UE-2020-CPB-10-050 (liquor license holding company);

(b)    Several more corporate entities never opened or operated and never had employees; and

(c)    Many corporate entities ceased operations and/or dissolved before November 2020 and thus were not "carrying on any employment" when the Orders were issued.

21.    Again, despite the criminal nature of the AWCC administrative scheme for the enforcement of Ark. Code Ann. § 11-9-406 and the threats of criminal prosecution, Plaintiffs are required to prove their innocence to the satisfaction of Defendants Bayne and Pake.

## COUNT I – DENIAL OF DUE PROCESS

22.    The U.S. Constitution and Arkansas Constitution require that the government provide individuals and corporations with due process of law before taking their liberty or property.

23.    Ark. Code Ann. § 11-9-406 deprives individuals and employers of substantive and procedural due process by denying individuals and corporations the due process protections available in criminal court while at the same time threatening them with criminal prosecution; by failing to adequately investigate possible violations before issuing Orders with proposed fines; by failing to explain the justification for the maximum penalty for every alleged violation; by attempting to fine individuals and corporate entities that are not subject to AWCC's jurisdiction because they are not an "employer" as defined by the statute; and by failing to provide individuals and corporations notice and the opportunity to cure any alleged violations. Compare Ark. Code Ann. § 11-9-106(c) (requiring AWCC to refer certain cases to the prosecuting attorney).

24.     If AWCC had referred these charges to the prosecuting attorney for prosecution as a Class D felony, Plaintiffs would have an entirely different scheme of justice, they would be presumed innocent until proven guilty beyond reasonable doubt, they would be entitled to a trial by jury, and they would be entitled to other additional procedural and due process protections afforded criminal defendants.  Instead, by Defendants pursuing these charges through AWCC's administrative scheme, Plaintiff's are given none of those same due process and procedural protections, Plaintiffs are not given a trial by jury, Plaintiffs must prove their innocence to an AWCC Administrative Law Judge, and Plaintiff's face the same monetary fines/penalties, all while Defendants Bayne and Pake pursue a shoddy investigation lacking evidence of any violations of Ark. Code Ann. § 11-9-406 by most of the corporate entities identified.

25.     Plaintiffs seek preliminary and permanent injunctive relief and declaratory relief that Ark. Code Ann. § 11-9-406 and the AWCC's related enforcement scheme violate Plaintiffs' due process rights.

26.     Plaintiffs seek all actual damages, attorney's fees, and costs to which they are entitled.

## COUNT II – DENIAL OF EQUAL PROTECTION

27.     The U.S. Constitution and Arkansas Constitution guarantee equal protection of the law.

28.     Upon information and belief, Defendant Carl Bayne targeted Plaintiffs and pursued aggressive investigations against them because of their Latino names, race, and ethnicity.

29.     Plaintiffs' Latino names, race, and ethnicity were motivating factors of the Defendants' investigations.

30.     Upon information and belief, the AWCC has treated similarly situated white employers differently.

31.     Plaintiffs seeks preliminary and permanent injunctive relief and declaratory relief that the Defendants' investigations of Plaintiffs and the related corporate entities denied Plaintiffs equal protection of the law.

32.     Plaintiffs seek all actual damages, attorney's fees, and costs to which they are entitled.

<strong>COUNT III – ABUSE OF PROCESS</strong>

33.     Arkansas law prohibits the tort of abuse of process.

34.     Defendants Bayne and Pake did set into motion the AWCC investigations at issue in this case.

35.     The AWCC investigations were used to accomplish an ulterior purpose for which the administrative scheme was not designed, including but not limited to continuing to pursue fines against corporate entities which Defendants Bayne and Pake knew or should have known were not employers under the AWCC statute.

36.     Defendants Bayne and Pake, knowing that proposed fines against certain entities were wrongful and without merit, continued to refuse to dismiss those entities unless Plaintiffs waived their defenses and paid full fines on other corporate entities.

37.     Defendants Bayne and Pake willfully attempted to coerce and extort Plaintiffs to waive their defenses, admit to violations and pay full fines for certain entities before Defendants Bayne and Pake would agree to dismiss certain entities which AWCC has no jurisdiction whatsoever to fine.

38.     The actions of Defendants Bayne and Pake were the proximate cause of Plaintiffs' damages.

39.     Plaintiffs seek all actual, compensatory, and punitive damages to which they are entitled.

## COUNT IV – CLASS ACTION

40.     Pursuant to Fed. R. Civ. P. 23, Plaintiffs bring their claims on behalf of all other similarly situated Arkansas employers, individuals or owners or partial owners of corporate entities who have been or are currently being investigated and prosecuted by the AWCC for alleged violations of Ark. Code Ann. § 11-9-406, denying them due process, denying them equal protection, and subjecting them to abuse of process.

41.     The class is so numerous that joinder of all members is impracticable.

42.     There are questions of law or fact common to the class.

43.     The claims of the representative parties are typical of the claims of the class.

44.     The representative parties will fairly and adequately represent the class.

45.     Plaintiffs seek all actual, compensatory, and punitive damages available on behalf of the class.

## COUNT V – REQUEST FOR PRELIMINARY AND PERMANENT INJUNCTION

46.     Pursuant to Fed. R. Civ. P. 65, Plaintiffs request a preliminary and permanent injunction prohibiting Defendant's enforcement of Ark. Code Ann. § 11-9-406 for the reasons articulated herein.

WHEREFORE, Plaintiffs pray that the Court enter judgment in their favor and further pray for:

(a)     preliminary and permanent injunctive relief to prevent the AWCC's

unconstitutional enforcement of Ark. Code Ann. § 11-9-406;

(b)     declaratory relief that the AWCC's enforcement of Ark. Code Ann § 11-9-406 is

unconstitutional;

(c)     all actual, compensatory, and punitive damages to which they are entitled;

(d)     all attorney's fees, costs, and interest to which they are entitled;

(e)     a trial by jury;

(f)     all other relief to which they may be entitled.

Respectfully Submitted,

Brian A. Vandiver (Arkansas Bar No. 2001078)
COX, STERLING, McCLURE & VANDIVER, PLLC
8712 Counts Massie Rd
North Little Rock, AR  72113
(501) 954-8073 Phone
(501) 954-7856 Facsimile
bavandiver@csmfirm.com

By:     _____/s/ Brian A. Vandiver_____
        Brian A. Vandiver

| Company Name | Case Number / Past Case Number | Past Proposed Company Employee Status | Date Created / Entity Status | Highest # of Employees |
|---|---|---|---|---|
| **Refugio Reyes** | | | | |
| Las Americas, Inc | UE-2020-CPB-10-001 / UE-2020-01-012PN | $4,000.00 Please see highest number of employees. | 10/22/2004 Good Standing | 6 |
| Cvalentinor, Inc | UE-2020-CPB-10-002 / UE-2020-01-18PN | $2,500.00 Please see highest number of employees. | 10/18/2017 Good Standing | 13 |
| Cuco, Inc | UE-2020-CPB-10-003 / UE-2020-01-011PN | $7,000.00 Please see highest number of employees. | 3/3/2010 Good Standing | 5 |
| | UE-2020-CPB-10-004 / UE-2020-01-16PN | $10,000.00 | 1/25/2013 Good Standing | 15 |
| El Matador, Inc | UE-2020-CPB-10-005 / UE-2020-01-17PN | $7,000.00 Please see highest number of employees. | 2/18/2013 Good Standing | 10/29/2019-10/29/2020 & 5/22/2020-5/22/2021 & 1/25/2021 - 1/25/2022 | 11 |
| Rockbridgetown RJR, Inc | UE-2020-CPB-10-006 | | 7/23/2019 Good Standing | 3/6/2020 - 3/6/2022 | 40 |
| | UE-2020-CPB-10-007 / UE-2020-01-15PN | $4,000.00 | 11/14/2018 Good Standing | 10/17/2019-10/17/2021 3/6/20-3/6/21 | 30 |
| | UE-2020-CPB-10-008 | Company never had employees, in a holding company | 10/26/2015 Good Standing | |
| | UE-2020-CPB-10-009 | Please see highest number of employees. | 9/20/2005 | ceased operation June 2019 | 12 |
| | UE-2020-CPB-10-010 | | 2/10/2009 Good Standing | 10 |
| El Acapulco of Corning, LTD | UE-2020-CPB-10-011 | This company has been dissolved. | 10/25/2007 Dissolved - 9/1/2017 | 8 |
| | UE-2020-CPB-10-012 | | 8/2/2018 Dissolved 12/31/2019 - Ceased operations 8/4/2019 | 5 |
| | UE-2020-CPB-10-013 | | | 10/29/2019-10/29/21 | 8 |
| | UE-2020-CPB-10-014 | We know never had a relationship with this company. | | |
| | UE-2020-CPB-10-015 | This is the same business as Cuco, Inc. | | |
| | UE-2020-CPB-10-016 | We know never had a relationship with this company. | | THIS IS CUCO, INC |
| | UE-2020-CPB-10-017 | This is the same business as Cvalentinor. Cody Wills is a fictitious name | | This is Cvalentinor. |
| | UE-2020-CPB-10-018 | | | 15 |
| | UE-2020-CPB-10-019 | This is the dba for Rockbridgetown RJR, Inc and is the same company | 10-21-2020-10/21/2021 3/6/20-3/6/21 | 35 |
| | UE-2020-CPB-10-020 | This is the dba for College Way WCW which is the company for College Way, Inc. Liquor License | | THIS IS COLLEGE WAY INC |
| | UE-2020-CPB-10-021 | This is the same business as Dollito Tejas and is | 10/26/2015 Good Standing | |
| | UE-2020-CPB-10-022 / UE-2020-01-13PN | $7,000.00 We know never had a relationship with this company | 9/25/2006 Good Standing | |
| | UE-2020-CPB-10-023 | This company never had employees. It is a real estate company | 5/1/2020 Good Standing | 0 - REAL ESTATE HOLDING |
| College Way, Inc | UE-2020-CPB-10-024 | This is the dba for profit company for College Way | 6/11/2020 Good Standing | 25 |
| | UE-2020-CPB-10-025 | This company never had employees. It is a real estate | 6/22/2001 Good Standing | 0-R.E. HOLDING |
| | UE-2020-CPB-10-026 | This company never had employees. It is a real estate | 3/21/2016 Good Standing | 0-R.E. HOLDING |
| Del Rio, Inc | UE-2020-CPB-10-027 | This company never had employees. | 12/22/2011 Dissolved-5/5/2014 | |
| RHL, LLC | UE-2020-CPB-10-028 | This company has been dissolved. | 4/6/2010 Dissolved - 4/24/2015 | 6 |
| Jessica's, Inc | UE-2020-CPB-10-029 | This company has been dissolved. | 9/24/2008 Dissolved - 12/8/2011 | 6 |
| | UE-2020-CPB-10-030 | We know never had a relationship with this company | 10/31/2007 Good Standing | |
| ECJA, Inc | UE-2020-CPB-10-031 | This company never had employees. | 10/25/2000 Dissolved - 01/19/2012 | |
| ESR Enterprises, Inc | UE-2020-CPB-10-032 | This company never had employees. | 4/5/2000 Dissolved-5/5/2014 | |
| | | | | |
| **Juan Reyes** | | **Please see documentation attached as Exhibit "B".** | | |
| Sofia's Grill of Harrison, Inc | UE-2020-CPB-10-033 | Mr. Reyes no longer owns this company. | 3/9/2005 Good Standing | 13 |
| Sofia's de Super Bar & Grill, LLC | UE-2020-CPB-10-034 | We know never had a relationship with this company | 11/6/2018 Revoked | |
| Tacos The Acapulco, LLC | UE-2020-CPB-10-035 | We know never had a relationship with this company | 2/5/2018 Revoked | |
| Tacos de Mexico, Inc | UE-2020-CPB-10-036 | We know never had a relationship with this company - Overall | 1/16/2004 Good Standing | |
| Tres Rios, Inc | UE-2020-CPB-10-037 | This company has been dissolved. | 1/23/2012 Dissolved-5/5/2014 | 20 |
| El Acapulco of Cave City, Inc | UE-2020-CPB-10-038 | This company has been dissolved. | 8/24/2011 Dissolved-6/12/2015 | |
| JRE Enterprises, Inc | UE-2020-CPB-10-039 | This company has been dissolved. | 1/14/2004 Dissolved-April of 2009 | |
| | | | | |
| **Alvaro Cano Diaz** | | **Please see documentation attached as Exhibit "C".** | | |
| El Palenque of Rardy, Inc | UE-2020-CPB-10-040 | This company has not yet opened. | | 0 - NEVER OPENED |
| El Palenque of Ash Flat, Inc | UE-2020-CPB-10-041 | | 12/26/2019 Good Standing | 10 |
| El Palenque of Cave City, Inc | UE-2020-CPB-10-042 | | 4/24/2014 Good Standing | 9 |
| | | | | |
| **Francisco Ruiz** | | | 2/20/2014 Good Standing | |
| FRAC Corporation - El Palenque | UE-2020-CPB-10-043 | This company provided proof of current coverage | Good Standing | 02/09/21 - 02/09/22 | 7 |
| El Palenque of Newark, Inc | UE-2020-CPB-10-044 | This company has been dissolved | Dissolved on December 26, 2018 | DISSOLVED |
| Las Bresan Enterprises, Inc. - El Palenqu | UE-2020-CPB-10-045 | This company has provided proof of current coverage | 02/22/2021 - 02/22/2022 | 6 |
| | | | | |
| **Javier Valadez** | | **Please see documentation attached as Exhibit "D".** | | |
| MJR Investments - Casa Brava Authenti | UE-2020-CPB-10-046 | This Company never had employees - Liquor License | 1/20/2016 Good Standing | 0-CLUB FOR LIQ LICENSE - EMPLOYEES ARE CASA BRAVA |
| Casa Brava, Inc | UE-2020-CPB-10-047 | This company has attached certificates of coverage | 8/10/2000 Good Standing | 1/10/21-1/10/22 | 12 |
| | | | | |
| **J Carmen Cano Diaz** | | **Please see documentation attached as Exhibit "E".** | | |
| El Palenque of Bald Knob, Inc | UE-2020-CPB-10-048 | This company has attached certificates of covera | 7/31/2014 Good Standing | 02/09/2021 - 02/09/2022 | 4 |
| | | | | |
| **Efren Montano** | | **Please see documentation attached as Exhibit "F".** | | |
| Avocados, Inc | UE-2020-CPB-10-049 | This company has attached certificates of coverage. | 2/10/2016 Good Standing | 3/12/2020 - 3/12/2021 | 18 |
| MGE Holdings - Avocado's Mexican Grill | UE-2020-CPB-10-050 | This company never had employees - Liquor License | 1/20/2016 Good Standing | 0-HOLDS LIQUOR LICENSE NON-PROFIT |
| Cabra Grill, Inc - Guacamole Grill | UE-2020-CPB-10-051 | This company has provided certificate of coverage | 1/8/2015 Good Standing | 3/19/20-3/19/22 | 15 |
| Casa Mojitos Mexican Restaurant Corp | UE-2020-CPB-10-052 | This company has provided certificate of coverage | 1/16/2013 Good Standing | 4/28/17-4/28/21 | 18 |
| Chipotles Grill of Jonesboro, Inc | UE-2020-CPB-10-053 | This company has attached certificates of coverage. | 8/20/2009 Good Standing | 12/1/2019-12/1/2020 12/1/2020-12/1/2021 | 29 |
| Chipotles Grill, Inc - Kandela Grill | UE-2020-CPB-10-054 | This company has been dissolved & provided certif | 10/17/2006 Dissolved-12/1/2020 - Perm Closed 10/22/16-06/16/21 | 8 |
| Cabra de Bradstore, LLC | UE-2020-CPB-10-055 | This company never had employees. | 9/10/2020 Good Standing | 0 - OWNER OPERATED |
| E.M.L., Inc | UE-2020-CPB-10-056 | This company has attached certificates of coverage. | 5/27/1999 Good Standing | 6/12/2020-6/12/2021 | 18 |
| Mel Investment Holdings, LLC | UE-2020-CPB-10-057 | This company never had employees. | 3/5/2020 Good Standing | 0 - OWNER OPERATED |
| La Bonita Bamba Inn, Inc | UE-2020-CPB-10-058 | This company has not yet opened. - This company | 8/14/2019 Good Standing | 0 - NEVER OPENED |
| Las Bresan, Inc | UE-2020-CPB-10-059 | This company has attached certificates of coverage | 10/19/1998 Good Standing | 6/12/2020-6/12/2021 | 13 |
| Los Montano, Inc | UE-2020-CPB-10-060 | This company has been dissolved & provided certif | 6/20/1994 Dissolved-12/1/2020 - Perm Closed 10/22/16-01/01/2020 | 7 |
| Montano & Sons Jonesboro, Inc | UE-2020-CPB-10-061 | This company has attached certificates of coverage. | 9/29/2003 Good Standing | 6/12/2020-6/12/2021 | 12 |
| Montano Enterprises, Inc | UE-2020-CPB-10-062 | This company has attached certificates of coverage. | 10/20/1998 Good Standing | 6/12/2020-6/12/2021 | 16 |
| Papico Loco Mexican Restaurant, Inc | UE-2020-CPB-10-063 | This company has attached certificates of coverage. | 2/18/2013 Good Standing | 12/2/2019-12/2/2020 & 10/2/20-12/2/21& 4/18/20-4/18/21 | 26 |
| | UE-2020-CPB-10-064 | This company never had employees but was bought and sold | 12/4/2002 Good Standing | 10/29/2020-10/29/2021 | 22 - BUT THIS IS REFUGIO'S NOT EFRENS |
| Chilitos Grill, Inc | UE-2020-CPB-10-065 | This company never had employees. | 1/20/2011 Dissolved-5/5/2014 | NEVER OPENED DISSOLVED |
| Chilitos of Jonesboro, Inc | UE-2020-CPB-10-066 | This company never had employees. | 1/20/2011 Dissolved-5/5/2014 | NEVER OPENED DISSOLVED |
| Chilitos Mexican Grill, Inc | UE-2020-CPB-10-067 | This company never had employees. | 1/6/2011 Revoked-Cleared | NEVER OPENED |
| E.R.J., Inc | UE-2020-CPB-10-068 | This company has been dissolved. | 4/5/2000 Dissolved - 12/1/2012 | 0-DISSOLVED |
| El Acapulco, Inc | UE-2020-CPB-10-069 | This company has been dissolved. | 6/16/1994 Dissolved - 5/5/2014 | 0-DISSOLVED |
| Guacamole Cantina & Grill, Inc | UE-2020-CPB-10-070 | This company has been dissolved. | 6/7/2017 Dissolved - 12/18/2018 | 0-DISSOLVED |
| Los Tres Amigos, Inc | UE-2020-CPB-10-071 | This company has been dissolved. | 10/25/2007 Dissolved - 5/5/2014 | 0-DISSOLVED |
| NB Trucking Services, LLC | UE-2020-CPB-10-072 | This company has been dissolved. | 11/7/2005 Dissolved - 9/30/2008 | 0-DISSOLVED |
| North of the Border Distributors, Inc | UE-2020-CPB-10-073 | This company has been dissolved. | 11/12/2002 Dissolved - 9/30/2008 | 0-DISSOLVED |
| | UE-2020-CPB-10-074 | This company is Carmen or we cannot or had com | 6/14/2004 | NEVER OPENED DISSOLVED |
| Viva Mojitos Mexican Restaurant Corp | UE-2020-CPB-10-075 | This company has been dissolved. | 1/16/2013 Dissolved - 04/30/2014 | NEVER OPENED DISSOLVED |

Yellow = Items completed/needing NO further action.

Green = Items with a letter written by CBTS or dates of dissolution

Orange = Items with coverage information

Blue = Items not addressed yet, set up by, entity identified by CBTS

Salmon = Item for which we requested sales and ownership info but have yet to be provided by Mr. Juan Reyes

**EXHIBIT A**

# State of Arkansas



DARYL BASSETT, SECRETARY

SCOTTY DALE DOUTHIT, CHAIRMAN
CHRISTOPHER L. PALMER, COMMISSIONER
M. SCOTT WILLHITE, COMMISSIONER

DAVID GREENBAUM
CHIEF EXECUTIVE OFFICER

BARBARA W. WEBB
CHIEF ADMINISTRATIVE LAW JUDGE

SPRINGDALE DIVISION
244 SOUTH 40TH STREET
SPRINGDALE, AR 72762-3845
TELEPHONE 479-751-2790
TOLL FREE 1-800-852-5376

**ASA HUTCHINSON, GOVERNOR**

## WORKERS' COMPENSATION COMMISSION
324 S. Spring Street
P.O. Box 950
Little Rock, Arkansas 72203-0950
Telephone 501-682-3930 / 1-800-622-4472
Arkansas Relay System TDD 1-800-285-1131
**www.awcc.state.ar.us**

October 30, 2020

CERTIFIED MAIL-RETURN RECEIPT
REQUESTED and FIRST-CLASS MAIL

Mr. Refugio Reyes
143 Oak Shores Circle
Hot Springs, AR         71903

Mailed to Attorney Brian Vandiver

REF:    Refugio Reyes, Individually, and doing business as Las Americas, Inc;
        Refugio Reyes, Individually, and doing business as Cvalentinor, Inc;
        Refugio Reyes, Individually, and doing business as Cuco, Inc;
        Refugio Reyes, Individually, and doing business as Lua, Inc;
        Refugio Reyes, Individually, and doing business as El Jimador, Inc;
        Refugio Reyes, Individually, and doing business as Rockbridgeview RJR, Inc;
        Refugio Reyes, Individually, and doing business as Catadores JRR, Inc;
        Refugio Reyes, Individually, and doing business as Diablos Tacos & Mezcaleria, Inc;
        Refugio Reyes, Individually, and doing business as REJH, Inc;
        Refugio Reyes, Individually, and doing business as Picante's Grill, Inc;
        Refugio Reyes, Individually, and doing business as El Acapulco of Corning, LTD;
        Refugio Reyes, Individually, and doing business as Italmex, Inc;
        Refugio Reyes, Individually, and doing business as Cotija, Inc, Sheridan;
        Refugio Reyes, Individually, and doing business as Cotija's Mexican Grill, Little Rock;
        Refugio Reyes, Individually, and doing business as Cotija's Mexican Restaurant, Hot Spring
            National Park;
        Refugio Reyes, Individually, and doing business as Cotija's Mexican Grill, Jacksonville;
        Refugio Reyes, Individually, and doing business as Cotija Grill, Benton;
        Refugio Reyes, Individually, and doing business as La Villa Mexican Restaurant, Nashville;
        Refugio Reyes, Individually, and doing business as Diablos Tacos & Mezcal, Little Rock;
        Refugio Reyes, Individually, and doing business as Diablos Tacos & Mezcal, Conway;
        Refugio Reyes, Individually, and doing business as  Diablos Tacos Por Siempre/Tacos Por
            Siempre;
        Refugio Reyes, Individually, and doing business as Cotija, Inc;
        Refugio Reyes, Individually, and doing business as 107 DeSoto Properties;
        Refugio Reyes, Individually, and doing business as College Way, Inc;
        Refugio Reyes, Individually, and doing business as Reyes Properties, LLC;
        Refugio Reyes, Individually, and doing business as Remastar Properties, LLC
        Refugio Reyes, Individually, and doing business as Del Rio, Inc;
        Refugio Reyes, Individually, and doing business as RHE, LLC;



EXHIBIT
B

Page 2

> Refugio Reyes, Individually, and doing business as Jessica's, Inc;
> Refugio Reyes, Individually, and doing business as MJTRH, Inc;
> Refugio Reyes, Individually, and doing business as ECJA, Inc; and,
> Refugio Reyes, Individually, and doing business as ESR Enterprises, Inc.

Mr. Reyes:

You in your role as owner, partner, Member of an LLC, and/or Corporate Officer, in the above named businesses, along with each of the above named businesses are being investigated by the Arkansas Workers' Compensation Commission for failure to comply with the Workers' Compensation Laws and Rules of the State of Arkansas. The investigation reference numbers are, sequentially, UE-2020-CPB-10-001, Refugio Reyes, Individually, and doing business as Las Americas, Inc, through UE-2020-CPB-10-032, Refugio Reyes, Individually, and doing business as ESR Enterprises, Inc.

Please find enclosed the Order and Notice of Hearing which the Arkansas Workers' Compensation Commission has, upon complaint by the Operations and Compliance Division, entered against you and your business listed above. In the event you wish to contest the Order, you will be given the opportunity to make a timely request for a hearing, and to appear at the hearing at the time and place so stated in the Order and Notice of Hearing.

By law, you are allowed twenty (20) days from the date of receipt of this notice in which to file your request for a hearing. Failure to file your request with the Commission within that twenty (20) day period will result in the Order becoming final and not subject to further review.

**Your written request for a hearing must contain the factual basis upon which you contest the proposed Order or the amount of the Commission's proposed assessment**.

If a timely hearing request is received from you containing the information as outlined above, your hearing will be held on **Wednesday, January 6, 2021, at 10:00 a.m., in Commission Hearing Room C, at the Arkansas Workers' Compensation Commission building, 324 South Spring Street, Little Rock, Arkansas, 72203.**

This correspondence, which is considered to be a part of the proposed Order, is being provided to you to inform you that, pursuant to ACA § 11-9-406(a)(1), you can be assessed by the Commission a fine of $1,000.00 for each day each business was out of compliance, for a maximum fine of **$10,000.00 for each business named in this investigation**. That subsection also declares your non-compliance to be a **Class D Felony**, which carries a maximum penalty of a **$10,000.00** fine per ACA § 5-4-201(a)(2), and **imprisonment** not to exceed **six (6) years** per ACA § 5-4-401(a)(5). It is, therefore, important that you respond to this communication in a timely manner.

Page 3

**If you desire to settle this matter without proceeding to a hearing**, you must establish with the Arkansas Workers' Compensation Commission that workers' compensation coverage is/was not required, or acquire workers' compensation insurance coverage, be able to provide proof of such coverage, and send a written request with a settlement offer, by postal service or fax, no later than the fifteenth (15th) day following receipt of this correspondence and the proposed Order, to:

> Mr. Carl Bayne
> Arkansas Workers' Compensation Commission
> P.O. Box 950
> Little Rock, AR          72203-0950
> Fax) 501-682-1387
> E-mail) carl.bayne@arkansas.gov

If you choose to go to a hearing, your request **must be received** by the Commission not later than the twentieth (20th) day following your receipt of this correspondence and the Order. **Direct your written communications to:**

> Mr. Carl Bayne
> Arkansas Workers' Compensation Commission
> P.O. Box 950
> Little Rock, AR          72203-0950
> Fax) 501-682-1387
> E-mail) carl.bayne@arkansas.gov

Please direct all communications to Mr. Bayne. If you would like to discuss this matter, he may be reached at 501-682-2497.

Sincerely,

James D. Kennedy,
Administrative Law Judge

cc: Dawn Crawford
     Shauna Walton

BEFORE THE ARKANSAS WORKERS' COMPENSATION COMMISSION

IN THE MATTER OF
FILE NO.  UE-2020-CPB-001 through UE-2020-CPB-032

REFUGIO REYES, INDIVIDUALLY, and doing business as
Las Americas, Inc, UE-2020-CPB-10-001;
Cvalentinor, Inc, UE-2020-CPB-10-002;
Cuco, Inc, UE-2020-CPB-10-003;
Lua, Inc, UE-2020-CPB-10-004;
El Jimador, Inc, UE-2020-CPB-10-005;
Rockbridgeview RJR, Inc, UE-2020-CPB-10-006;
Catadores JRR, Inc, UE-2020-CPB-007;
Diablos Tacos & Mezcaleria, Inc, UE-2020-CPB-10-008;
REJH, Inc, UE-2020-CPB-10-009;
Picante's Grill, Inc, UE-2020-CPB-10-010
El Acapulco of Corning, LTD, UE-2020-CPB-10-011;
Italmex, Inc, UE-2020-CPB-10-012;
Cotija, Inc, Sheridan, UE-2020-CPB-10-013;
Cotija's Mexican Grill, Little Rock, UE-2020-CPB-10-014;
Cotija's Mexican Restaurant, Hot Springs National Park, UE-2020-CPB-10-015;
Cotija's Mexican Grill, Jacksonville, UE-2020-CPB-10-016;
Cotija Grill, Benton, UE-2020-CPB-10-017;
La Villa Mexican Restaurant, Nashville, UE-2020-CPB-10-018;
Diablos Tacos & Mezcal, Little Rock, UE-2020-CPB-10-019;
Diablos Tacos & Mezcal, Conway, UE-2020-CPB-10-020;
Diablos Tacos Por Siempre/Tacos Por Siempre, UE-2020-CPB-10-021;
Cotija, Inc, UE-2020-CPB-10-022
107 Desoto Properties, UE-2020-CPB-10-023;
College Way, Inc, UE-2020-CPB-10-024;
Reyes Properties, LLC, UE-2020-CPB-10-025;
Remastar Properties, LLC, UE-2020-CPB-10-026;
Del Rio, Inc, UE-2020-CPB-10-027;
RHE, LLC, UE-2020-CPB-10-028;
Jessica's, Inc, UE-2020-CPB-10-029;
MJTRH, Inc, UE-2020-CPB-10-030;

-2-

Refugio Reyes, Individually
and d/b/a the business entities listed within this Order and Notice of Hearing
UE-2020-CPB-001 through UE-2020-CPB-032

ECJA, Inc, UE-2020-CPB-10-031; and,
ESR Enterprises, Inc, UE-2020-CPB-10-032

## ORDER AND NOTICE OF HEARING
### FILED OCTOBER 30, 2020

The Arkansas Workers' Compensation Commission, on investigation and

complaint of the Compliance Division of said Commission, and on its own Motion,

hereby charges Refugio Reyes, Individually, and d/b/a the business entities listed

above, ("Employer") with violations of various provisions of the Arkansas Workers'

Compensation Law as stated in the following allegations and charges.

## ALLEGATIONS

1.    Refugio Reyes is an individual who resides in Arkansas and, at all relevant

times herein, was doing business in Arkansas.

2.    The individual business entities listed within this Order had and/or has the

requisite number of employees to come within the jurisdiction of the

Arkansas Workers' Compensation Act.

3.    The individual business entities listed within this Order failed and/or refused

to secure workers' compensation coverage for its employees as required

under Arkansas Law.

-3-

Refugio Reyes, Individually
and d/b/a the business entities listed within this Order and Notice of Hearing
UE-2020-CPB-001 through UE-2020-CPB-032

## CHARGES

The aforesaid Refugio Reyes, Individually, and as the businesses referenced by UE-2020-CPB-10-001 through UE-2020-CPB-10-032, failed or refused to secure the payment of compensation as defined in Sub-Chapter 4 of the Arkansas Workers' Compensation Act, Ark. Code Ann. §§11-9-401 *et seq.*

The Employer was in violation of the law for sufficient time to warrant the maximum statutory penalty of Ten Thousand Dollars ($10,000.00) pursuant to Ark. Code Ann. §11-9-406(a)(1)–(b)(5).

## ORDER

**WHEREAS**, the Arkansas Workers' Compensation Commission has reason to believe that the above-named Employer failed to maintain and secure the payment of compensation, and for such failure is hereby assessed a fine of Three-Hundred and Twenty Thousand Dollars ($320,000.00), with said fine to be paid to the Death and Permanent Total Disability Trust Fund.

In addition, Employer is directed and ordered to pay the penalty and show proof of workers' compensation insurance within twenty (20) days, **unless a written request for a hearing is filed with this Commission, at which time**

-4-

Refugio Reyes, Individually
and d/b/a the business entities listed within this Order and Notice of Hearing
UE-2020-CPB-001 through UE-2020-CPB-032

**Employer will be permitted to appear and show cause, if any there be, why**

**Employer should not be required to maintain workers' compensation**

**insurance and/or pay the penalty assessed herein.**

This ORDER shall become final twenty (20) days after Employer's receipt,

unless a written request for a hearing is filed with this Commission.

In the event a written request for a hearing regarding the allegations and

violations set out herein is made by Employer, **such request must specify the**

**grounds upon which Employer contests the proposed Order, the proposed**

**assessment, or both, pursuant to Ark. Code Ann. § 11-9-406(b)(1)–(b)(5).**

In the event a written request for a hearing regarding the allegations and

violations set out herein is made by Employer, such request must be directed to:

**Carl Bayne**
**Compliance Director**
**Arkansas Workers' Compensation Commission**
**324 Spring St.**
 **P.O. Box 950**
**Little Rock, AR   72203-0950**
**501-682-2497**

**If a written request for a hearing is timely filed, the hearing will be**

**held at 10:00 a.m., Wednesday, January 6, 2021, at the ARKANSAS**

**WORKERS' COMPENSATION COMMISSION, 324 SOUTH SPRING STREET,**

-5-

Refugio Reyes, Individually
and d/b/a the business entities listed within this Order and Notice of Hearing
UE-2020-CPB-001 through UE-2020-CPB-032

**LITTLE ROCK, ARKANSAS 72201, in HEARING ROOM "C". If a written**

**request for hearing is not timely filed, there will not be a hearing and the**

**fine of $320,000.00 shall be imposed without further notice.**

In the event Employer wishes to proceed to a hearing, Employer is

ordered to provide:

    a.  One completed copy of the herein attached Employer Data Sheets for

        each of the business entities listed within this Order and Notice of Hearing;

    b.  Proof of Workers' Compensation for the period of operation of each of the

        business entities listed within this Order and Notice of Hearing;

    c.  Copies of each W-2 and/or 1099 issued for the period of operation of each

        of the business entities listed within this Order and Notice of Hearing; and,

    d.  List of all cash payments made to any individual on behalf of Refugio

        Reyes or each of the business entities listed within this Order and Notice

        of Hearing, no later than the close of business on December 10, 2020,

to:    **Carl Bayne**
        **Compliance Director**
        **Arkansas Workers' Compensation Commission**
        **324 Spring St.**
        **P.O. Box 950**
        **Little Rock, AR   72203-0950**

-6-

Refugio Reyes, Individually
and d/b/a the business entities listed within this Order and Notice of Hearing
UE-2020-CPB-001 through UE-2020-CPB-032

In the event Employer promptly pays the penalty assessed and maintains

the compensation ordered herein, no further action will be warranted by this

Commission, save having the Compliance Department monitor Employer to

ensure that it maintains proper insurance coverage.  However, because of public

policy considerations, and to protect and provide coverage to Arkansas workers,

it will be the recommendation of this administrative law judge that, in the event

Employer fails to comply with this Order by failing to maintain coverage or fail to

pay the penalties assessed herein, or both, that this Commission petition the

Circuit Court of Pulaski  County, Arkansas, for an order enjoining Employer from

engaging in further employment until such time that said employer secures the

payment of compensation and/or makes full payment of all penalties as provided

by Ark. Code Ann. § 11-9-406(a)(6).

**IT IS SO ORDERED**.

_____
HONORABLE JAMES D. KENNEDY
Administrative Law Judge

-6-

Refugio Reyes, Individually
and d/b/a the business entities listed within this Order and Notice of Hearing
UE-2020-CPB-001 through UE-2020-CPB-032

In the event Employer promptly pays the penalty assessed and maintains

the compensation ordered herein, no further action will be warranted by this

Commission, save having the Compliance Department monitor Employer to

ensure that it maintains proper insurance coverage.  However, because of public

policy considerations, and to protect and provide coverage to Arkansas workers,

it will be the recommendation of this administrative law judge that, in the event

Employer fails to comply with this Order by failing to maintain coverage or fail to

pay the penalties assessed herein, or both, that this Commission petition the

Circuit Court of Pulaski  County, Arkansas, for an order enjoining Employer from

engaging in further employment until such time that said employer secures the

payment of compensation and/or makes full payment of all penalties as provided

by Ark. Code Ann. § 11-9-406(a)(6).

**IT IS SO ORDERED**.

HONORABLE JAMES D. KENNEDY
Administrative Law Judge

**A.L.J. Terry Don Lucy**
**April 26, 2021**
**Hearing Room A**


## Mr. Refugio Reyes, Represented by Mr. Brian Vandiver

UE-2020-CPB-10-01     Refugio Reyes, Individually, and doing business as Las Americas, Inc;
UE-2020-CPB-10-02     Refugio Reyes, Individually, and doing business as Cvalentinor, Inc;
UE-2020-CPB-10-03     Refugio Reyes, Individually, and doing business as Cuco, Inc;
UE-2020-CPB-10-04     Refugio Reyes, Individually, and doing business as Lua, Inc;
UE-2020-CPB-10-05     Refugio Reyes, Individually, and doing business as El Jimador, Inc;
UE-2020-CPB-10-06     Refugio Reyes, Individually, and doing business as Rockbridgeview RJR, Inc;
UE-2020-CPB-10-07     Refugio Reyes, Individually, and doing business as Catadores JRR, Inc;
UE-2020-CPB-10-08     Refugio Reyes, Individually, and doing business as Diablos Tacos & Mezcaleria, Inc;
UE-2020-CPB-10-09     Refugio Reyes, Individually, and doing business as REJH, Inc;
UE-2020-CPB-10-10     Refugio Reyes, Individually, and doing business as Picante's Grill, Inc;
UE-2020-CPB-10-11     Refugio Reyes, Individually, and doing business as El Acapulco of Corning, LTD;
UE-2020-CPB-10-12     Refugio Reyes, Individually, and doing business as Italmex, Inc;
UE-2020-CPB-10-13     Refugio Reyes, Individually, and doing business as Cotija, Inc, Sheridan;
UE-2020-CPB-10-14     Refugio Reyes, Individually, and doing business as Cotija's Mexican Grill, Little Rock;
UE-2020-CPB-10-15     Refugio Reyes, Individually, and doing business as Cotija's Mexican Restaurant, Hot Spring National Park;
UE-2020-CPB-10-16     Refugio Reyes, Individually, and doing business as Cotija's Mexican Grill, Jacksonville;
UE-2020-CPB-10-17     Refugio Reyes, Individually, and doing business as Cotija Grill, Benton;
UE-2020-CPB-10-18     Refugio Reyes, Individually, and doing business as La Villa Mexican Restaurant, Nashville;
UE-2020-CPB-10-19     Refugio Reyes, Individually, and doing business as Diablos Tacos & Mezcal, Little Rock;
UE-2020-CPB-10-20     Refugio Reyes, Individually, and doing business as Diablos Tacos & Mezcal, Conway;
UE-2020-CPB-10-21     Refugio Reyes, Individually, and doing business as  Diablos Tacos Por Siempre/Tacos Por Siempre;
UE-2020-CPB-10-22     Refugio Reyes, Individually, and doing business as Cotija, Inc;
UE-2020-CPB-10-23     Refugio Reyes, Individually, and doing business as 107 DeSoto Properties;
UE-2020-CPB-10-24     Refugio Reyes, Individually, and doing business as College Way, Inc;



EXHIBIT
C

| | |
|---|---|
| UE-2020-CPB-10-25 | Refugio Reyes, Individually, and doing business as Reyes Properties, LLC; |
| UE-2020-CPB-10-26 | Refugio Reyes, Individually, and doing business as Remastar Properties, LLC; |
| UE-2020-CPB-10-27 | Refugio Reyes, Individually, and doing business as Del Rio, Inc; |
| UE-2020-CPB-10-28 | Refugio Reyes, Individually, and doing business as RHE, LLC; |
| UE-2020-CPB-10-29 | Refugio Reyes, Individually, and doing business as Jessica's, Inc; |
| UE-2020-CPB-10-30 | Refugio Reyes, Individually, and doing business as MJTRH, Inc; |
| UE-2020-CPB-10-31 | Refugio Reyes, Individually, and doing business as ECJA, Inc; and, |
| UE-2020-CPB-10-32 | Refugio Reyes, Individually, and doing business as ESR Enterprises, Inc |

**UE-2020-CPB-10-01        Refugio Reyes, Individually, and doing business as Las Americas, Inc;**
Formed 10/22/2004      Coverage from 10/29/2019 – 1/23/2020 (one week short of three months)
Since formation in 2004, there is proof of coverage for only 3 months, placed 15 years after formation.
Coverage shows to have been cancelled on 1/23/2020, and as of Monday, April 19, 2021 there is no
record of coverage being reacquired since 1/23/2020.

6 employees.

Our initial contact with Mr. Reyes was October 21, 2019, when Mr. Neal mailed him an investigation
letter.  Please note that it was a week after Mr. Neal's letter that Mr. Reyes acquired workers'
compensation insurance coverage, and three months later it was cancelled by the Carrier.  Mr. Reyes
has not since reacquired coverage.

Also, when we initially contacted Mr. Reyes, Mr. Refugio Reyes was listed as the Registered Agent,
President, Secretary, and Treasurer of Las Americas, Inc.

**UE-2020-CPB-10-02        Refugio Reyes, Individually, and doing business as Cvalentinor, Inc;**
Formed 10/18/2017      Coverage began 10/29/2019
There is no record of coverage for slightly more than 2 years from the date of formation.

13 employees.

Our initial contact with Mr. Reyes was October 21, 2019, when Mr. Neal mailed him an investigation
letter.  Please note that it was a week after Mr Neal's letter that Mr. Reyes acquired workers'
compensation insurance coverage.

Also, when we initially contacted Mr. Reyes, Mr. Refugio Reyes was listed as the Registered Agent,
President, Vice-President, Secretary, and Treasurer of Cvalentinor, Inc.

**UE-2020-CPB-10-03        Refugio Reyes, Individually, and doing business as Cuco, Inc;**
Formed 3/3/2010      Coverage began 3/22/2021.
There is no record of coverage for 11 years, 2 weeks, and 5 days.

5 employees.

Our initial contact with Mr. Reyes was October 21, 2019, when Mr. Neal mailed him an investigation
letter.  Even following our contact with Mr. Reyes, and even though he acquired workers' compensation

coverage for the above two restaurants, Mr. Refugio Reyes did not acquire workers' compensation coverage for this restaurant until 3/22/2021.

Also, when we initially contacted Mr. Reyes, Mr. Refugio Reyes was listed as the Registered Agent, President, Vice-President, Secretary, and Treasurer of Cuco, Inc.


**UE-2020-CPB-10-04      Refugio Reyes, Individually, and doing business as Lua, Inc;**
Formed 1/25/2013      Coverage effective 10/29/2019
There is no record of coverage for slightly more than 6 years and 9 months.

15 employees.

The corporation operates three restaurants: La Villa Mexican Restaurant of Mena, with 17 employees reported in 2019 and 2020; La Villa Mexican Restaurant of El Dorado, with 11 employees reported in 2019 and 2020; and, La Villa Mexican Restaurant of Nashville, with 11 employees reported in 2019 and 2020.

It is confirmed that Mr. Refugio Reyes sold his interest in these restaurants to Mr. A. Lua Chacon on January 1, 2019.
However, we have pay records that indicate that workers' compensation was required prior to the date of sale, and that workers' compensation never existed during Mr. Reyes's partial ownership in the corporation. After acquiring 100% of the stock in Lua, Inc, Mr. Chacon acquired coverage.

At the time of our initial contact with Mr. Reyes, Mr. Refugio Reyes was listed as the Registered Agent, Incorporator/Organizer, and President of Lua, Inc.   As of Monday, 19 April, 2021 Mr. Reyes remains listed in the same positions on the Secretary of State's corporate records page.


**UE-2020-CPB-10-05      Refugio Reyes, Individually, and doing business as El Jimador, Inc;**
Formed 2/18/2013      Coverage in place from 10/29/2019, 6 years, 8 months, 1 week, and 4 days after formation. Coverage lasted less than four months.
Coverage was reinstated 1 year and 5 months later, on March 16, 2021.

11 employees

Our initial contact with Mr. Reyes was October 21, 2019, when Mr. Neal mailed him an investigation letter. Please note that it was a week after Mr. Neal's letter that Mr. Reyes acquired workers' compensation insurance coverage, but for less than four months.

At the time of our initial contact with Mr. Reyes, Mr. Refugio Reyes was listed as the Registered Agent, Incorporator/Organizer, President, Vice-President, Secretary, and Treasurer of El Jimador, Inc.

We have payroll records that indicate that workers' compensation was required in 2017 and 2018.

**UE-2020-CPB-10-06    Refugio Reyes, Individually, and doing business as Rockbridgeview RJR, Inc;**
Formed 7/23/2019    Coverage effective 3/6/2020, just over 7 months and 2 weeks without coverage.

40 employees.

Our initial contact with Mr. Reyes was March 6, 2020, when Mr. Neal mailed him an investigation letter.

Mr. Refugio Reyes is listed as the Registered Agent, Incorporator/Organizer, President, and Treasurer of Rockridgeview RJR, Inc.

**UE-2020-CPB-10-07    Refugio Reyes, Individually, and doing business as Catadores JRR, Inc;**
Formed 11/14/2018    Coverage effective 10/17/2019, 11 months without coverage.

30 employees.

Our initial contact with Mr. Reyes was August 26, 2019, when Mr. Neal mailed him an investigation letter.  Please note that it was still almost two months after Mr. Neal's letter that Mr. Reyes acquired coverage.

Records that were provided by the employer indicate that coverage should have been acquired no later than February 1, 2019.

Mr. Reyes is listed as the Registered Agent, Incorporator/Organizer, and President of Catadores JRR, Inc.

**UE-2020-CPB-10-08    Refugio Reyes, Individually, and doing business as Diablos Tacos & Mezcaleria, Inc;**
Formed 10/26/2015    No history of coverage.

My contact with Mr. Reyes was October 20, 2020, when I sent Mr. Reyes's attorney, Mr. Vandiver, an Order and Notice of Hearing.

I received, dated March 18, 2021, a memo from Gregory B Matas, Senior Accontant for Collierville Business & Tax Services, accountants for Diablos Tacos & Mezcaleria, Inc.  Mr. Matas tells me in this memo that Diablos Tacos & Mezcaleria, Inc. is a Non-Profit Private Club which serves as the holding company for the liquor license in association with College Way, Inc. (UE-2020-CPB-10-24).

College Way, Inc. was formed on 6/11/2020, five years after the formation of Diablos Tacos & Mezcaleria, Inc. We have not been informed of what Diablos Tacos & Mezcaleria, Inc. did for five years before College Way, Inc. was formed.

Additionally, Diablos Tacos & Mezcaleria, Inc. has three Corporate Directors and an Incorporator/Organizer. We have no idea the duties of any of the officers, or if the officers earn income from this business. If Mr. Reyes's contention is that this business has never needed workers' compensation coverage, he has not been forthcoming with the facts which would convince me.

Mr. Refugio Reyes is listed as the Registered Agent and as a Director. Additionally, Juan Reyes and Pedro Magana are listed as Directors. Mr. Damon C. Singleton is listed as Incorporator/Organizer.

**UE-2020-CPB-10-09**    **Refugio Reyes, Individually, and doing business as REJH, Inc;**
Formed 9/20/2015    No history of coverage.

12 employees.

My contact with Mr. Reyes was October 20, 2020, when I sent Mr. Reyes's attorney, Mr. Vandiver, an Order and Notice of Hearing.

I received, dated March 18, 2021, a memo from Gregory B Matas, Senior Accontant for Collierville Business & Tax Services, accountants for Diablos Tacos & Mezcaleria, Inc. Mr. Matas tells me in this memo that this business "closed in June of 2019 for repairs and renovations. They have remained closed, but are planning to re-open during 2021 and are nearing completion of all work."
"The owners are fully aware that they will need Worker Comp insurance once they re-open."

Unfortunately, the owners did not realize that they needed workers' compensation coverage during the near four years they operated before closing for renovation.

One point that hasn't been cleared up, Mr. Matas states that this restaurant shut down in June of 2019 for renovation. I found a Trip Advisor review of the restaurant dated July 20, 2019.

Mr. Refugio Reyes is listed as the Registered Agent, Incorporator/Organizer, President, and Treasurer of REJH, Inc.

**UE-2020-CPB-10-10**    **Refugio Reyes, Individually, and doing business as Picante's Grill, Inc;**
Formed 2/10/2009    Coverage became effective 4/10/2019 (10 years and 2 months without coverage).

10 employees.

My contact with Mr. Reyes was October 20, 2020, when I sent Mr. Reyes's attorney, Mr. Vandiver, an Order and Notice of Hearing.

Mr. Refugio Reyes is listed as the Registered Agent, Incorporator/Organizer, and President of Picante's Grill, Inc.

**UE-2020-CPB-10-11**    **Refugio Reyes, Individually, and doing business as El Acapulco of Corning, LTD;**
**Compliance requests that this be removed from Mr. Refugio Reyes and moved to Mr. Juan Reyes, if Mr. Vandiver is in agreement.**

8 employees.

This business is listed as dissolved. We have not received any official word as to the date the business was dissolved. However, there is a note on an Excel Spreadsheet provided by Mr. Vandiver, it appears to have originated with Mr. Matas, that the business was dissolved 9/12/2017, having operated for 11 years and 11 months without coverage.

Mr. Refugio Reyes is the Registered Agent for El Acapulco of Corning, LTD, but Mr. Juan Reyes is listed as Incorporator/Organizer, President, Vice-President, Secretary, and Treasurer of the corporation.

**UE-2020-CPB-10-12**    **Refugio Reyes, Individually, and doing business as Italmex, Inc;**
Formed 8/2/2018    Dissolved 8/4/2019. No history of coverage.

5 employees.

My contact with Mr. Reyes was October 20, 2020, when I sent Mr. Reyes's attorney, Mr. Vandiver, an Order and Notice of Hearing.

Mr. Refugio Reyes is listed as the Registered Agent, Incorporator/Organizer, and President of the corporation.

**UE-2020-CPB-10-13        Refugio Reyes, Individually, and doing business as Cotija, Inc, Sheridan;**
Formed 9/25/2006      Coverage effective 10/29/2019 (13 years and 1 month without coverage).

8 employees.

My contact with Mr. Reyes was October 20, 2020, when I sent Mr. Reyes's attorney, Mr. Vandiver, an Order and Notice of Hearing.

Mr. Refugio Reyes is listed as the Registered Agent, Incorporator/Organizer, and President of the corporation.

**UE-2020-CPB-10-14        Refugio Reyes, Individually, and doing business as Cotija's Mexican Grill, Little Rock;**
**I request that this be dismissed as in my zeal to serve the working men and women of Arkansas I assigned to Mr. Refugio Reyes a restaurant with which he has nothing to do.**

**UE-2020-CPB-10-15        Refugio Reyes, Individually, and doing business as Cotija, Inc./Cotija's Mexican Restaurant, Hot Spring National Park;**
Formed 9/25/2006.        There is an indication of workers' compensation coverage from 10/30/2019 until 1/21/2020, when coverage was cancelled by the Carrier.

My contact with Mr. Reyes was October 20, 2020, when I sent Mr. Reyes's attorney, Mr. Vandiver, an Order and Notice of Hearing.

I received, dated March 18, 2021, a memo from Gregory B Matas, Senior Accontant for Collierville Business & Tax Services, accountants for Cotijas Mexican Restaurant – Hot Spring National Park.  Mr. Matas tells me in this memo that Cotijas Mexican Restaurant – Hot Spring National Park is a "fictious(dba) name used by Cuco, Inc." (UE-2020-CPB-10-03).

Cuco, Inc. was formed on 3/3/2010, three and one-half years after the formation of Cotijas Mexican Restaurant – Hot Spring National Park.  We have not been informed of what Cotijas Mexican Restaurant – Hot Spring National Park did for three and one-half years before Cuco, Inc. was formed.

Additionally, Cotijas Mexican Restaurant – Hot Spring National Park. has four Corporate Officers. We have no idea the duties of any of the officers, or if the officers earn income from this business.  If Mr. Reyes's contention is that this business has never needed workers' compensation coverage, he has not been forthcoming with the facts which would convince me.

Mr. Refugio Reyes is listed as the Registered Agent, Incorporator/Organizer, and President of the corporation.  Alicia Reyes is listed as the Secretary, Raul Vazquez is listed as the Vice President, and Mario Marquez is listed as Treasurer.

**UE-2020-CPB-10-16      Refugio Reyes, Individually, and doing business as Cotija's Mexican Grill, Jacksonville;**
**I request that this be dismissed as in my zeal to serve the working men and women of Arkansas I assigned to Mr. Refugio Reyes a restaurant with which he has nothing to do.**

**UE-2020-CPB-10-17      Refugio Reyes, Individually, and doing business as Cotija Grill, Benton;**
**I request that this be dismissed as it is simply the dba for Cvalentinor, Inc. (UE-2020-CPB-10-02)**

**UE-2020-CPB-10-18      Refugio Reyes, Individually, and doing business as MJTRH, Inc./La Villa Mexican Restaurant, Nashville;**
Formed 10/31/2007      No history of coverage.

My contact with Mr. Reyes was October 20, 2020, when I sent Mr. Reyes's attorney, Mr. Vandiver, an Order and Notice of Hearing.

I received, dated March 18, 2021, a memo from Gregory B Matas, Senior Accountant for Collierville Business & Tax Services, accountants for several of Mr. Reyes's businesses that Mr. Reyes has never had a relationship with this corporation.

Included in our exhibits is the Corporate Information page from the Office of the Secretary of State.  On that page, as of Tuesday, March 20, 2021, Mr. Refugio Reyes is identified as the Registered Agent, one of the Incorporators/Organizers, and as the President of the Corporation.

**UE-2020-CPB-10-19      Refugio Reyes, Individually, and doing business as Diablos Tacos & Mezcal, Little Rock;**
**I request that this be dismissed as it is simply the dba for Rockbridgeview RJR, Inc. (UE-2020-CPB-10-06)**

**UE-2020-CPB-10-20      Refugio Reyes, Individually, and doing business as Diablos Tacos & Mezcal, Conway;**
I request that this be dismissed as it is a duplication of UE-2020-CPB-10-08.

**UE-2020-CPB-10-21      Refugio Reyes, Individually, and doing business as  Diablos Tacos Por Siempre/Tacos Por Siempre;**
I request that this be dismissed as it is a duplication of UE-2020-CPB-10-08.

**UE-2020-CPB-10-22      Refugio Reyes, Individually, and doing business as Cotija, Inc;**
I request that this be dismissed as it is a duplication of UE-2020-CPB-10-15.

**UE-2020-CPB-10-23      Refugio Reyes, Individually, and doing business as 107 DeSoto Properties, LLC;**
Formed 5/1/2020      No history of coverage.

I received, dated March 18, 2021, a memo from Gregory B Matas, Senior Accountant for Collierville Business & Tax Services, accountants for 107 DeSoto Properties, LLC. In the memo Mr. Matas tells me that this company "solely exists as a real estate holding company for a commercial rental building."

We requested information detailing how many LLC Members there are, and have been, in this entity, what duties do any of them have, are they compensated.  None of these answers have been provided to us.

Additionally, does the LLC contract with maintenance personnel, painters, plumbers, etc?  Do any of these contractors have Certificates of Non-Coverage, which would require the LLC to be covered by a workers' compensation policy.

They have given us no information on this business.

**UE-2020-CPB-10-24     Refugio Reyes, Individually, and doing business as College Way, Inc;**
Formed 6/11/2020     Coverage effective 10/20/2020 (4 months, 1 week, and 2 days without
coverage)

25 employees.

My contact with Mr. Reyes was October 20, 2020, when I sent Mr. Reyes's attorney, Mr. Vandiver, an
Order and Notice of Hearing.

Mr. Refugio Reyes is listed as the Registered Agent, and the only Corporate Officer, Secretary, on the
Secretary of State's Corporate Information page.

**UE-2020-CPB-10-25     Refugio Reyes, Individually, and doing business as Reyes Properties, LLC;**
Formed 6/22/2011     No history of coverage.

My contact with Mr. Reyes was October 20, 2020, when I sent Mr. Reyes's attorney, Mr. Vandiver, an
Order and Notice of Hearing.

This company has three LLC Members listed on the Secretary of State's information page, Refugio Reyes,
Alicia Reyes, and Raul Vasquez.

Request for information has never been provided to us. We do not know the total number of LLC
Members, who has served as an LLC Member, what purpose does this company serve, do the LLC
Members earn income, do they contract for maintenance, plumbing, painting, etc?

**UE-2020-CPB-10-26     Refugio Reyes, Individually, and doing business as Remastar Properties,
LLC;**
Formed 3/21/2016     No history of coverage.

My contact with Mr. Reyes was October 20, 2020, when I sent Mr. Reyes's attorney, Mr. Vandiver, an
Order and Notice of Hearing.

This company has one LLC Member listed on the Secretary of State's information page, Mr. Refugio
Reyes.

Request for information has never been provided to us. We do not know the total number of LLC
Members, who has served as an LLC Member, what purpose does this company serve, do the LLC
Members earn income, do they contract for maintenance, plumbing, painting, etc?

**UE-2020-CPB-10-27      Refugio Reyes, Individually, and doing business as Del Rio, Inc;**
Formed 12/22/2011      No history of coverage.

My contact with Mr. Reyes was October 20, 2020, when I sent Mr. Reyes's attorney, Mr. Vandiver, an Order and Notice of Hearing.

I was told that this company never had employees. I requested a statement from the company's CPA to that effect and have never received anything.

The company has been dissolved, but I do not what date, and I have received no records to indicate that they never operated.

**UE-2020-CPB-10-28      Refugio Reyes, Individually, and doing business as RHE, LLC;**
Formed 4/6/2010      No history of coverage.

6 employees.

My contact with Mr. Reyes was October 20, 2020, when I sent Mr. Reyes's attorney, Mr. Vandiver, an Order and Notice of Hearing.

This business is listed as dissolved. We have not received any official word as to the date the business was dissolved. However, there is a note on an Excel Spreadsheet provided by Mr. Vandiver, it appears to have originated with Mr. Matas, that the business was dissolved 4/24/2015, having operated for 5 years, 2 weeks, and 4 days without coverage.

**UE-2020-CPB-10-29      Refugio Reyes, Individually, and doing business as Jessica's, Inc;**
Formed 9/24/2008      No history of coverage.

6 employees.

My contact with Mr. Reyes was October 20, 2020, when I sent Mr. Reyes's attorney, Mr. Vandiver, an Order and Notice of Hearing.

This business is listed as dissolved. We have not received any official word as to the date the business was dissolved. However, there is a note on an Excel Spreadsheet provided by Mr. Vandiver, it appears to have originated with Mr. Matas, that the business was dissolved 12/8/2011, having operated for 3 years, 2 months, 2 weeks, and 1 day without coverage.

**UE-2020-CPB-10-30      Refugio Reyes, Individually, and doing business as MJTRH, Inc;**
**I request this be dismissed as it is a duplicate of UE-2020-CPB-10-18.**

**UE-2020-CPB-10-31      Refugio Reyes, Individually, and doing business as ECJA, Inc;**
Formed 10/25/2000      No history of coverage.

My contact with Mr. Reyes was October 20, 2020, when I sent Mr. Reyes's attorney, Mr. Vandiver, an Order and Notice of Hearing.

This business is listed as dissolved. We have not received any official word as to the date the business was dissolved. However, there is a note on an Excel Spreadsheet provided by Mr. Vandiver, it appears to have originated with Mr. Matas, that the business was dissolved 1/19/2012, having operated for 11 years and almost 3 months without coverage.

Mr. Refugio Reyes is listed as the Registered Agent and President and Treasurer of the Corporation, Efren Montano is listed as Vice President, Juan Reyes is listed as Secretary, and Sheryll Capin Harrell is listed as Controller.

**UE-2020-CPB-10-32      Refugio Reyes, Individually, and doing business as ESR Enterprises, Inc.**
Formed 4/5/2000      No history of coverage.

My contact with Mr. Reyes was October 20, 2020, when I sent Mr. Reyes's attorney, Mr. Vandiver, an Order and Notice of Hearing.

This business is listed as dissolved. We have not received any official word as to the date the business was dissolved. However, there is a note on an Excel Spreadsheet provided by Mr. Vandiver, it appears to have originated with Mr. Matas, that the business was dissolved 5/5/2014, having operated for 14 years and 1 month without coverage.

Mr. Refugio Reyes is listed as the Registered Agent, Vice President, and Secretary of the corporation. Mr. Efren Montano is listed as the President, Treasurer, and Controller of the corporation.

**UE-2020-CPB-10-64       Efren Montano, Individually, and doing business as Salsa's, Inc.**
**If Mr. Vandiver is agreeable, I would like to move this from Mr. Montano to Mr. Refugio Reyes, as Mr.**
**Gregory B. Matas, Senior Accountant for Collierville Business & Tax Services, accountants for Salsa's,**
**Inc. wrote to me on March 18, 2021, to tell me that while Mr. Montano was the initial incorporator, as**
**of January 1, 2007, Mr. Refugio Reyes became the 100% shareholder.**
Formed 12/4/2002       Coverage effective 10/29/2019 (16 years, 10 months, 3 weeks, and 4 days
without coverage).

22 employees.

Salsa's, Inc. is still operating.

**A.L.J. Terry Don Lucy**
**April 26, 2021**
**Hearing Room A**

## Mr. Juan Reyes, Represented by Mr. Brian Vandiver

| | |
|---|---|
| UE-2020-CPB-10-033 | Juan Reyes, Individually, and d/b/a Salsa's Grill of Harrison, Inc. |
| UE-2020-CPB-10-034 LLC | Juan Reyes, Individually, and d/b/a Cinco de Mayo Bar & Grill, |
| UE-2020-CPB-10-035 | Juan Reyes, Individually, and d/b/a Puerto De Acapulco, LLC |
| UE-2020-CPB-10-036 | Juan Reyes, Individually, and d/b/a Salsas of Mtn Home, Inc. |
| UE-2020-CPB-10-037 | Juan Reyes, Individually, and d/b/a Tres Rios, Inc. |
| UE-2020-CPB-10-038 | Juan Reyes, Individually, and d/b/a El Acapulco of Cave City, Inc. |
| UE-2020-CPB-10-039 | Juan Reyes, Individually, and d/b/a JRE Enterprises, Inc. |

**UE-2020-CPB-10-11      Refugio Reyes, Individually, and doing business as El Acapulco of Corning, LTD;**

**Compliance requests that this be removed from Mr. Refugio Reyes and moved to Mr. Juan Reyes, if Mr. Vandiver is in agreement.**

Formed 10/25/2007      No history of coverage.

8 employees.

This business is listed as dissolved. We have not received any official word as to the date the business was dissolved. However, there is a note on an Excel Spreadsheet provided by Mr. Vandiver, it appears to have originated with Mr. Matas, that the business was dissolved 9/12/2017, having operated for 11 years and 11 months without coverage.

Mr. Refugio Reyes is the Registered Agent for El Acapulco of Corning, LTD, but Mr. Juan Reyes is listed as Incorporator/Organizer, President, Vice-President, Secretary, and Treasurer of the corporation.

**UE-2020-CPB-10-033          Juan Reyes, Individually, and d/b/a Salsa's Grill of Harrison, Inc.**

Formed 3/9/2005          No history of coverage (16 years, 4 months, 1 week, and 3 days without coverage)

13 employees.

My contact with Mr. Juan Reyes was November 4, 2020, when I mailed an Order and Notice of Hearing to Mr. Brian Vandiver, attorney for Mr. Juan Reyes.

As of April 20, 2021, Mr. Juan Reyes was listed as the Registered Agent, President, Secretary, and Treasurer.  Mr. Refugio Reyes is listed as the Incorporator/Organizer.

**UE-2020-CPB-10-034          Juan Reyes, Individually, and d/b/a Cinco de Mayo Bar & Grill, LLC**

Formed 11/6/2016          No history of coverage.

LLC is listed as "Revoked".  However, despite our requests, no information has been provided as to when it was revoked, if the business operated, if so for how long and with how many employees.

The only information we have received is a notation on an Excel Spreadsheet saying that "Mr. Reyes never had a relationship with this company."

As of Tuesday, April 20, 2021, the Secretary of State's Corporation Information page lists Juan Reyes and the Registered Agent and Incorporator/Organizer.  There is no other person listed on the LLC information sheet, and Mr. Reyes has failed to provide us any of our requested information.

Additionally, when going to the Cinco de Mayo Bar & Grill Facebook page, which indicates that the business is at the very address listed on the Secretary of State's information page, indicates that they were open in 2020, and a phone call to the number listed for the business was answered on 10/22/2020.

**UE-2020-CPB-10-035        Juan Reyes, Individually, and d/b/a Puerto De Acapulco, LLC**
Formed 2/5/2018        Coverage in place 4/3/2018. Coverage terminated 4/3/2020.

My contact with Mr. Juan Reyes was November 4, 2020, when I mailed an Order and Notice of Hearing to Mr. Brian Vandiver, attorney for Mr. Juan Reyes.

LLC is listed as "Revoked". However, despite our requests, no information has been provided as to when it was revoked, if the business operated, if so for how long and with how many employees.

The only information we have received is a notation on an Excel Spreadsheet saying that "Mr. Reyes never had a relationship with this company."

As of Tuesday, April 20, 2021, the Secretary of State's Corporation Information page lists Juan Jose Reyes and the Registered Agent and Incorporator/Organizer.  There is no other person listed on the LLC information sheet, and Mr. Reyes has failed to provide us any of our requested information.

Additionally, when calling the number for the business on 10/27/2020, more than six months after their coverage has expired, they were open.

**UE-2020-CPB-10-036        Juan Reyes, Individually, and d/b/a Salsas of Mtn Home, Inc.**
Formed 1/16/2004        No history of coverage.

My contact with Mr. Juan Reyes was November 4, 2020, when I mailed an Order and Notice of Hearing to Mr. Brian Vandiver, attorney for Mr. Juan Reyes.

On March 18, 2021, I received a memo from Mr. Gregory B Matas, Senior Accountant to Colliersville Business & Tax Services, the accountants for Salsa's of Mtn Home, Inc. In the memo, Mr. Matas tells me that "Juan Reyes sold his interests to Refugio Reyes and Mario Maruez at the end of 2018."  He further goes on to say that this is "a NON-Profit company which only serves to hold the liquor license for Salsa's Grill of Mtn Home. Salsa's of Mtn Home has never had an employees."

However, the Secretary of State's Corporation Information page lists Juan Reyes as the Registered Agent, Incorporator/Organizer, and Director. It lists Refugio Reyes as Incorporator/Organizer, President, and Director, AND Kimberly Riggan as General Manager.

As the General Manager is an employee of the corporation and not an officer in the corporation, Salsas of Mtn Home, Inc was required to have workers' compensation coverage.

Compliance requests that Mr. Juan Reyes be held liable for not acquiring workers' compensation coverage from 1/16/2004 through the "end of 2018" when he sold his interest in the corporation.

**UE-2020-CPB-10-037    Juan Reyes, Individually, and d/b/a Tres Rios, Inc**.
Formed 1/23/2012    No history of coverage.

This business is listed as dissolved. We have not received any official word as to the date the business was dissolved. However, there is a note on an Excel Spreadsheet provided by Mr. Vandiver, it appears to have originated with Mr. Matas, that the business was dissolved 5/5/2014, having operated for 3 years and 2 ½ months without coverage.

Juan Reyes is listed as the Registered Agent, Incorporator/Organizer, President, and Treasurer for Tres Rios, Inc.  Alvaro Cano Diaz is listed as Incorporator/Organizer and Secretary.  Gerardo Dominguez is listed as Incorporator/Organizer and Vice President.

Despite our requests, we have been provided no information as to the function of this business or how many employees it employed.

**UE-2020-CPB-10-038    Juan Reyes, Individually, and d/b/a El Acapulco of Cave City, Inc.**
Formed 8/24/2011    No history of coverage.

This business is listed as dissolved. We have not received any official word as to the date the business was dissolved. However, there is a note on an Excel Spreadsheet provided by Mr. Vandiver, it appears to have originated with Mr. Matas, that the business was dissolved 8/12/2015, having operated for almost 4 years without coverage.

Juan Reyes is listed as the Registered Agent, Incorporator/Organizer, President, and Secretary for the corporation.  Francisco Ruiz is listed as Incorporator/Organizer, Vice-President, and Treasurer of the corporation.

Despite our requests, we have been provided no information as to the function of this business or how many employees it employed.

**UE-2020-CPB-10-039        Juan Reyes, Individually, and d/b/a JRE Enterprises, Inc.**
Formed 1/14/2004      No history of coverage.

This business is listed as dissolved. We have not received any official word as to the date the business was dissolved. However, there is a note on an Excel Spreadsheet provided by Mr. Vandiver, it appears to have originated with Mr. Matas, that the business was dissolved "April of 2009", having operated for 4 years and 4 months without coverage.

Juan Reyes is listed as the Registered Agent, Incorporator/Organizer, President, Vice-President, Secretary, and Treasurer of the corporation.

Despite our requests, we have been provided no information as to the function of this business or how many employees it employed.

**A.L.J. Terry Don Lucy**
**April 26, 2021**
**Hearing Room A**


## Mr. Alvaro Cano Diaz, Represented by Mr. Brian Vandiver

UE-2020-CPB-10-40    Alvaro Cano Diaz, Individually, and d/b/a El Palenque of Hardy, Inc.
UE-2020-CPB-10-41    Alvaro Cano Diaz, Individually, and d/b/a El  Palenque of Ash Flat, Inc.
UE-2020-CPB-10-42    Alvaro Cano Diaz, Individually, and d/b/a El  Palenque of Cave City, Inc.


**UE-2020-CPB-10-40    Alvaro Cano Diaz, Individually, and d/b/a El Palenque of Hardy, Inc.**
**We request that this be dismissed, as this company was formed on 12/26/2019, just before**
**the Covid-19 Pandemnic and was never opened.**


**UE-2020-CPB-10-41    Alvaro Cano Diaz, Individually, and d/b/a El Palenque of Ash Flat, Inc.**
Formed 4/24/14    Coverage effective 12/10/2020 (6 years and 7 ½ months without
coverage).

10 employees.


**UE-2020-CPB-10-42    Alvaro Cano Diaz, Individually, and d/b/a El Palenque of Cave City, Inc.**
Formed 2/20/2014    Coverage effective 12/10/2020 (6 years and ten months without
coverage).

9 employees.

**A.L.J. Terry Don Lucy**
**April 26, 2021**
**Hearing Room A**


## Mr. Francisco Ruiz, Represented by Mr. Brian Vandiver

UE-2020-CPB-10-043    Mr. Francisco Ruiz, Individually, and d/b/a FRAC Corporation,
    operating as El Acapulco Mexican Restaurant of Batesville
UE-2020-CPB-10-044    Mr. Francisco Ruiz, Individually, and d/b/a El Palenque of Newark,
    Inc
UE-2020-CPB-10-045    Mr. Francisco Ruiz, Individually, and d/b/a Las Breasas
    Enterprises, Inc, operating as El Acapulco of Batesville


**UE-2020-CPB-10-043        Mr. Francisco Ruiz, Individually, and d/b/a FRAC Corporation,**
**operating as El Acapulco Mexican Restaurant of Batesville**
Formed 11/15/2012   Coverage effective 2/9/2021 (8 years and 3 months without coverage).


7 employees.


**UE-2020-CPB-10-044        Mr. Francisco Ruiz, Individually, and d/b/a El Palenque of**
**Newark, Inc**
**Compliance requests that this be dismissed, as this business never opened.**


**UE-2020-CPB-10-045            Mr. Francisco Ruiz, Individually, and d/b/a Las Breasas**
**Enterprises, Inc, operating as El Palenque of Batesville, formerly El Acapulco of**
**Batesville**
Formed 11/15/2004   Coverage effective 2/22/2021 (16 years and 3 months without coverage).


6 employees.

**A.L.J. Terry Don Lucy**

**April 26, 2021**

**Hearing Room A**

## Mr. Javier Valadez, Represented by Mr. Brian Vandiver

UE-2020-CPB-10-046         Mr. Javier Valadez, Individually, and d/b/a MLH Investments, operating as Casa Brava Authentic Mexican Restaurant

UE-2020-CPB-10-047         Mr. Javier Valadez, Individually, and d/b/a Casa Brava, Inc

**UE-2020-CPB-10-046         Mr. Javier Valadez, Individually, and d/b/a MLH Investments, operating as Casa Brava Authentic Mexican Restaurant**

Formed 1/20/2016     No history of coverage.

Received a memo from Mr. Gregory B Matas, Senior Accountant for Collerville Business & Tax Services, accountants for MLH Investments, Inc. In the memo Mr. Matas stated that this company "has never had employees or payroll.  The above referenced company is a NON-Profit holding company for the private club liquor license belonging to Casa Brava, Inc."

There are three officers in this corporation.  Javier Valadez is listed as Registered Agent, Principal, and Director.  Aracely Montano is listed as Principal and Director. Efren Montano is listed as Principal and Director. And Scott Hunter, Jr. is listed as Incorporator/Organizer.

Despite our request for information, we have not been told the functions of the persons noted above, what duties, if any, they perform, and if they receive income from this business.

**UE-2020-CPB-10-047         Mr. Javier Valadez, Individually, and d/b/a Casa Brava, Inc**

Formed 8/10/2000     Coverage effective 1/10/2019 (18 years and 3 months without coverage).

12 employees.

**A.L.J. Terry Don Lucy**
**April 26, 2021**
**Hearing Room A**

**Ms J Carmen Cano Diaz, Represented by Mr. Brian Vandiver**
UE-2020-CPB-10-48    J Carmen Cano Diaz, Individually, and d/b/a El Palenque of Bald Knob

**UE-2020-CPB-10-48**    **J Carmen Cano Diaz, Individually, and d/b/a El Palenque of Bald Knob**
Formed 7/31/2004    Coverage effective 2/9/2021 (16  years and 4 months without coverage).

4 employees.

**A.L.J. Terry Don Lucy**
**April 26, 2021**
**Hearing Room A**


**Mr. Efren Montano, Represented by Mr. Brian Vandiver**

UE-2020-CPB-10-049  Efren Montano, Individually, and d/b/a as Avocados, Inc.

UE-2020-CPB-10-050  MLH Holdings, operating as Avocado's Mexican Grill

UE-2020-CPB-10-051  Efren Montano, Individually, and d/b/a as Cabos Grill, Inc, operating as Guacamole Grill

UE-2020-CPB-10-052  Efren Montano, Individually, and d/b/a as Casa Mojitos Mexican Restaurant Corp.

UE-2020-CPB-10-053  Efren Montano, Individually, and d/b/a as Chipotles Grill of Jonesboro, Inc, operating as Kandela Grill of Jonesboro

UE-2020-CPB-10-054  Efren Montano, Individually, and d/b/a as Chipotles Grill, Inc. operating as Kandela Grill

UE-2020-CPB-10-055  Efren Montano, Individually, and d/b/a as E&RRR Produce, LLC

UE-2020-CPB-10-056  Efren Montano, Individually, and d/b/a as E.M.L., Inc.

UE-2020-CPB-10-057  Efren Montano, Individually, and d/b/a as EM Investment Holdings, LLC

UE-2020-CPB-10-058  Efren Montano, Individually, and d/b/a as La Bravia Jonesboro, Inc.

UE-2020-CPB-10-059  Efren Montano, Individually, and d/b/a as Las Breasas, Inc.

UE-2020-CPB-10-060  Efren Montano, Individually, and d/b/a as Los Montano, Inc.

UE-2020-CPB-10-061  Efren Montano, Individually, and d/b/a as Montano & Sons, Jonesboro, Inc, operating as Salsas Mexican Restaurant

UE-2020-CPB-10-062  Efren Montano, Individually, and d/b/a as Montano Enterprises, Inc.

UE-2020-CPB-10-063  Efren Montano, Individually, and d/b/a as Papitos Loco Mexican Restaurant, Inc.

UE-2020-CPB-10-064  Efren Montano, Individually, and d/b/a as Salsa's, Inc.

UE-2020-CPB-10-065  Efren Montano, Individually, and d/b/a as Chilotes Grill, Inc.

UE-2020-CPB-10-066  Efren Montano, Individually, and d/b/a as Chilotes of Jonesboro, Inc.

UE-2020-CPB-10-067  Efren Montano, Individually, and d/b/a as Don Hermanos, Inc.

UE-2020-CPB-10-068  Efren Montano, Individually, and d/b/a as E.R.J., Inc.

UE-2020-CPB-10-069  Efren Montano, Individually, and d/b/a as El Acapulco, Inc.

UE-2020-CPB-10-070  Efren Montano, Individually, and d/b/a as Guacamole Cantina & Grill, Inc.

UE-2020-CPB-10-071  Efren Montano, Individually, and d/b/a as Los Tres Amigos, Inc.

UE-2020-CPB-10-072  Efren Montano, Individually, and d/b/a as NB Trucking Services, LLC

UE-2020-CPB-10-073  Efren Montano, Individually, and d/b/a as North of the Border Distributors, Inc.

UE-2020-CPB-10-074  Efren Montano, Individually, and d/b/a as Picante, Inc.

**UE-2020-CPB-10-049    Efren Montano, Individually, and d/b/a as Avocados, Inc.**
Grand Opening 3/15/2018        Coverage in place 3/12/2020 (2 years without coverage)

18 employees.

**UE-2020-CPB-10-050    MLH Holdings, operating as Avocado's Mexican Grill**

Formed 1/20/2016        No history of coverage (5 years and 3 months without coverage).

Mr. Gregory B Matas, Senior Accountant of Collierville Business & Tax Services, the accountants for MLH Holdings, Inc. has provided me a memo which says "referenced company has never had employees or payroll. The above referenced company is a NON-Profit holding company for the private club liquor license belonging to Avocados, Inc."

This Holding Company lists the following, Efren Montano as the Registered Agent, Principal, and Director. Scott Hunter, Jr as Incorporator/Organizer. Javier Vaaladez as Director and Principal. Aracely Montano as Director and Principal.

What no one has provided me is the function of the business, whether anyone performed any work function, or whether anyone received income from the business.

**UE-2020-CPB-10-051    Efren Montano, Individually, and d/b/a as Cabos Grill, Inc, operating as Guacamole Grill**
Formed 1/8/2015        Coverage effective 3/19/2020 (5 years, 2 months without coverage).

15 employees.

**UE-2020-CPB-10-052    Efren Montano, Individually, and d/b/a as Casa Mojitos Mexican Restaurant Corp.**
Formed 1/16/2013        Coverage effective 4/28/2017 (4 years and three months without coverage).

18 employees.

**UE-2020-CPB-10-053   Efren Montano, Individually, and d/b/a as Chipotles Grill of Jonesboro, Inc, operating as Kandela Grill of Jonesboro**

Formed 8/20/2009    Coverage effective 12/1/2014 (5 years and 3 months without coverage).

29 employees.

**UE-2020-CPB-10-054   Efren Montano, Individually, and d/b/a as Chipotles Grill, Inc. operating as Kandela Grill**

Formed 10/17/2006    Coverage effective 10/22/2016 (10 years without coverage).

8 employees.

I was told that this business closed 3/31/2020 and was dissolved on 12/1/2020.  Nothing has been provided to confirm this.

**UE-2020-CPB-10-055   Efren Montano, Individually, and d/b/a as E&RRR Produce, LLC**

Formed 9/10/2020.    No history of coverage (7 months without coverage).

Despite our request no information has been provided that would tell us the number of LLC Members, how many Members work in the business, what function(s) do they serve, or if income is derived from the business.

**UE-2020-CPB-10-056   Efren Montano, Individually, and d/b/a as E.M.L., Inc. (Las Breasas)**

Formed 5/27/1999    Coverage effective 6/12/2017 (18 years without coverage).

18 employees.

**UE-2020-CPB-10-057    Efren Montano, Individually, and d/b/a as EM Investment Holdings, LLC**
Formed 3/5/2020        No history of coverage.

Mr. Gregory B Matas, Senior Accountant of Collierville Business & Tax Services, the accountants for MLH Holdings, Inc. has provided me a memo which says "referenced company has never had employees or payroll. The above referenced company is a holding company for commercial property and rents."

Despite our request for information, no one has provided us with the number or names of the LLC Members, their functions, or if they derive(d) income from the operation of this business.

**UE-2020-CPB-10-058    Efren Montano, Individually, and d/b/a as La Bravia Jonesboro, Inc.**
**Compliance requests that this be dismissed as this business never opened due to location issues.**

**UE-2020-CPB-10-059    Efren Montano, Individually, and d/b/a as Las Breasas, Inc.**
Formed 10/19/1998      Coverage effective 6/12/2017 (19 years without coverage).

13 employees.

**UE-2020-CPB-10-060    Efren Montano, Individually, and d/b/a as Los Montano, Inc.**
Formed 6/20/1994       Coverage effective 10/22/2019 (23 years and 4 months without coverage).

7 employees.

**UE-2020-CPB-10-061    Efren Montano, Individually, and d/b/a as Montano & Sons, Jonesboro,**
**Inc, operating as Salsas Mexican Restaurant**
Formed 9/29/2003       Coverage effective 6/12/17 (13 years and 9 months without coverage).

12 employees.

**UE-2020-CPB-10-062    Efren Montano, Individually, and d/b/a as Montano Enterprises, Inc.**
Formed 10/20/1998    Coverage effective 6/12/2018 (19 years & 8 months without coverage).

6 employees.

**UE-2020-CPB-10-063    Efren Montano, Individually, and d/b/a as Papitos Loco Mexican
       Restaurant, Inc.**
Formed 2/18/2013    Coverage effective 12/2/2016 (3 years & 9 ½ months without coverage).

26 employees.

**UE-2020-CPB-10-064    Efren Montano, Individually, and d/b/a as Salsa's, Inc.
Compliance requests that this be transferred to Mr. Refugio Reyes, as he bought 100% of the
company on 1/1/2007.**

**UE-2020-CPB-10-065    Efren Montano, Individually, and d/b/a as Chilotes Grill, Inc.
Compliance requests that this be dismissed, as the business never opened.**

**UE-2020-CPB-10-066    Efren Montano, Individually, and d/b/a as Chilotes of Jonesboro, Inc.
Compliance requests that this be dismissed, as the business never opened.**

**UE-2020-CPB-10-067    Efren Montano, Individually, and d/b/a as Don Hermanos, Inc.
Compliance requests that this be dismissed, as the business never opened.**

**UE-2020-CPB-10-068   Efren Montano, Individually, and d/b/a as E.R.J., Inc.**
**Compliance requests that this be dismissed, as the business never opened**

**UE-2020-CPB-10-069   Efren Montano, Individually, and d/b/a as El Acapulco, Inc.**
**Compliance requests that this be dismissed, as the business never opened**

**UE-2020-CPB-10-070   Efren Montano, Individually, and d/b/a as Guacamole Cantina & Grill, Inc.**
**Compliance requests that this be dismissed, as the business never opened**

**UE-2020-CPB-10-071   Efren Montano, Individually, and d/b/a as Los Tres Amigos, Inc.**
**Compliance requests that this be dismissed, as the business never opened**

**UE-2020-CPB-10-072   Efren Montano, Individually, and d/b/a as NB Trucking Services, LLC**
**Compliance requests that this be dismissed, as the business never opened**

**UE-2020-CPB-10-073   Efren Montano, Individually, and d/b/a as North of the Border Distributors, Inc.**
**Compliance requests that this be dismissed, as the business never opened**